LYONS, Justice
(concurring specially).
I agree that State Farm failed to carry its burden of establishing that its claims file was prepared in “anticipation of litigation” from the moment it learned its insured had retained counsel. Where an insurer has a separate and independent contractual duty to investigate a claim, the insurer must satisfy the requirements of Rule 26(b)(3), Ala. R. Civ. P., by showing more than simply when a document was prepared. The insurer claiming a work-product privilege must show why each document was prepared and how it was used. See Harper v. Auto-Owners Insurance Co., 138 F.R.D. 655, 670 (S.D.Ind.1991), criticizing Carver v. Allstate Insurance Co., 94 F.R.D. 131 (S.D.Ga.1982), for its focus on a pivotal moment when the insurer’s activity shifted from claims evaluation to preparation for litigation because that focus overlooks the requirement of Rule 26(b)(3) of a causal relationship between the impending litigation and the production or use of the documents.
HOUSTON, J., concurs.